**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joshua Cobin,               )    No.  CV-19-04392-PHX-SPL
                       )
           Plaintiff,  )
                       )    **ORDER**
vs.                   )
                       )
City of Phoenix, et al.,   )
                       )
           Defendants.  )
                       )

Before the Court is Defendant Christopher Turiano's ("Turiano") Motion to Dismiss ("Motion") (Doc. 17), which is fully briefed. For the reasons that follow, the motion will be granted with prejudice.

**I.      Background**

Plaintiff Joshua Cobin ("Cobin") initiated this action on June 6, 2019.   The complaint initially named the City of Phoenix and other Defendants, bringing four claims for relief.   Plaintiff filed a first amended complaint ("FAC") on July 26, 2019 which contains one claim for relief against Defendant Christopher Turiano alone, and does not mention any other previously named Defendant. (Doc. 16)

In the FAC, Plaintiff alleges that on the evening of August 22, 2017, he was participating in a peaceful protest during President Trump's visit at the Phoenix Convention Center. (Doc. 16 at 3, ¶¶ 5-6) At one point during the evening, Plaintiff alleges that members of the Phoenix Police Department wearing riot gear started marching toward

the crowd without proffering any order to disperse or leave the area. (Doc. 16 at 3, ¶ 7) Shortly thereafter, Plaintiff alleges that the police officers began shooting less-lethal ammunitions and tear gas toward the protesters. (Doc. 16 at 3-4, ¶¶ 8,11) Plaintiff, wearing a gas mask, kicked back a gas cannister away from the crowd and in the police officers' direction. (Doc. 16 at 3-4, ¶ 11) Defendant Turiano then shot a less-lethal ammunition, more commonly known as a "pepper ball round," toward Plaintiff, hitting him the genital area. (Doc 16 at 4 ¶¶ 14-16) Plaintiff drove himself to a hospital emergency room following the encounter where he was treated for exposure to chemical agents from the tear gas and for the pain and bruising caused by the "pepper ball round." (Doc. 16 at 4-5, ¶ 17) Following the incident, Plaintiff took to social media and identified himself as the individual who was broadcasted on television kicking back gas cannisters at the police and being shot by a police officer during the protest. (Doc. 17 Ex. 1) This led to Plaintiff's arrest and indictment for two counts of aggravated assault and one count of unlawful assembly. (Doc. 17 Exs. 2, 3) Plaintiff pled guilty to a reduced charge of disorderly conduct, a class 1 misdemeanor, in violation of Arizona Revised Statutes ("A.R.S") §§ 13-2904, 13-2901, 13-707, and 13-802. (Doc. 17 Ex. 4) Plaintiff alleges that Defendant Turiano used excessive force in violation of Plaintiff's Fourth and Fourteenth Amendment rights when firing a "pepper ball round" which resulted in physical and reputational damages.

## II. Standard of Review

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility

requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and must accept all well-pleaded factual allegations as true. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Furthermore, a motion to dismiss under Rule 12(b)(6) must rely solely on the contents of the pleadings. *See* Fed. R. Civ. P. 12(d). A court may, however, consider "matters of judicial notice" without converting a motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Furthermore, a court need not accept as true "allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008) (internal quotation marks and citations omitted).

A court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

### III.    Analysis

#### A.  Facts Considered and Judicial Notice

The Court first addresses the issue of judicial notice and the facts it considered in ruling on the Motion. Defendant does not clearly state what grounds the Motion is based on, but the Court reads the Motion as one made under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and applies the corresponding standard of review. Plaintiff does not dispute that he pled guilty to disorderly conduct in violation of A.R.S. §§ 13-2904, 13-2901, 13-707, and 13-802. Although Plaintiff's plea agreement was not attached to or referenced in the FAC, it was attached to the Motion to Dismiss (Doc. 17-5), and the Court can properly take judicial notice of records and judgments in other courts. *Black*, 482 F.3d at 1041.

#### B.  The Application of the *Heck* Doctrine

The Court next addresses the argument on the application of the *Heck* doctrine and finds it dispositive of the Motion. In *Heck v. Humphrey*, the Supreme Court held that in order to recover damages . . . for other harm caused by actions whose unlawfulness

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). The Court noted in dicta that an example of a § 1983 action whose successful prosecution would necessarily imply that plaintiff's conviction was wrongful would be one where a defendant is sentenced for the crime of resisting arrest, "defined as intentionally preventing a peace officer from effecting a lawful arrest . . . . [t]hen brings a § 1983 action against the arresting officer seeking damages for a violation of his constitutional rights to be free from unreasonable seizures." *Id.* at 486 n.6. The Court concluded that the plaintiff would have to negate one of the elements of the offense of which he was convicted to prevail in the § 1983 action and that, as a result, such action could not survive dismissal. *Id.*

Additionally, in *Smith v. City of Hemet*, the Ninth Circuit reasoned that under *Heck*, a plaintiff convicted in state court could bring, and maintain, a subsequent § 1983 action for use of excessive force if such use occurred *subsequent* to the conduct on which his conviction was based. 394 F.3d 689, 698 (9th Cir. 2005) (en banc) (emphasis in original). *See also Musselman v. Meelhuysen*, 773 Fed. Appx. 417, 418-19 (9th Cir. 2019) (quoting *Beets v. County of Los Angeles* and *Smith* in reasoning that if the use of force by police took place after the plaintiff's criminal activity had ended, then the § 1983 action for use of excessive force could proceed and should not be dismissed under *Heck*); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1044-45 (9th Cir. 2012) (citing *Smith* in support of the reasoning that a § 1983 action for use of excessive force cannot survive if the alleged excessive use of force arose during the course of plaintiff's criminal activity and brought such activity to an end).

Finally, in determining if the *Heck* doctrine requires dismissal of Plaintiff's § 1983 action for use of excessive force, the Court must determine if it can ascertain the factual basis for the guilty plea to the state court offense. In *Smith*, the Ninth Circuit cited *Sanford*

*v. Motts*, 258 F.3d 1117 (9th Cir. 2001) in trying to ascertain what the factual basis for Mr. Smith's guilty plea was. *Smith*, 394 F.3d at 698. The Court was unable to ascertain whether Mr. Smith had pled guilty based on actions that impeded the officers' investigation prior to his arrest or his subsequent resistance to their physical attempt to arrest him, or both. *Id.* The Court concluded that because it could not determine the factual basis for the plea, his § 1983 action "[did] not *necessarily* imply the invalidity of his conviction and therefore [was] not barred by *Heck*." *Id.* at 699 (emphasis in original). *See also Sanford*, 258 F.3d at 1119-20 (9th Cir. 2001) (holding that because there were a variety of accusations against the plaintiff which could have formed the basis for the conviction and because the challenged conduct was not necessarily the predicate for his plea, Sanford's § 1983 suit did not *necessarily* imply the invalidity of the conviction) (emphasis in original).

In this case, Plaintiff argues that there was no finding as to which sub-section in A.R.S. § 13-2904 he pled guilty to. (Doc. 18 at 8) As a result, Plaintiff argues that the various statements contained in the plea agreement and the sentencing order cannot therefore be noticed for their truth by the Court and that the Court can only take notice of a plea agreement to disorderly conduct. (Doc. 18 at 8) The Court finds this argument unpersuasive. The Court can take judicial notice of the language of a state criminal statute because such statutes are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The text of a criminal statute fits such definition and the parties are not disputing the text of the statutes referenced in the plea agreement and sentencing order. In this instance, the plea agreement and sentencing order specifically listed A.R.S. § 13-2901 as part of the committed offense. That section is a definition section and contains two definitions: one for "marijuana" and one for "public." A.R.S. § 13-2901. The only applicable definition to Plaintiff's guilty plea in relation to A.R.S. § 13-2904 is the one of "public." Turning to A.R.S. § 13-2904, and its six sub-sections, this Court notes that only one of such sub-sections uses the word "public," sub-section (5). *See* A.R.S. § 13-2904(5) ("Refuses to obey a lawful order to disperse to

maintain public safety in dangerous proximity to fire, a hazard, or any other emergency.")
Accordingly, the Court finds there is no possible doubt that Plaintiff pled guilty to violating
A.R.S. § 13-2904(5).[1] The facts alleged by Plaintiff that he did not receive a lawful order
to disperse and did not disobey such order are directly contradictory to his plea agreement
and violate the *Heck* doctrine.

Indeed, the only possible basis for Plaintiff's guilty plea is that he disobeyed a lawful
order to disperse in violation of A.R.S. §§ 13-2901 and 13-2904. This is not like *Smith* or
*Sanford* where a court could not determine the factual basis for the plea.

Plaintiff's refusal to obey a lawful order to disperse was the cause of Officer
Turiano's actions to fire a "pepper ball round" and such action brought Plaintiff's criminal
activity to an end. Indeed, Plaintiff himself admitted that the round inflicted great pain and
that he drove himself to the hospital emergency room soon thereafter. (Doc. 16 at 4-5, ¶
17) This is clearly within the scenario contemplated by *Smith*, *Beets*, and *Musselman* where
a § 1983 action for use of excessive force must be dismissed because of the lack of any
temporal gap between the criminal activity and the actions which allegedly violated
Plaintiff's constitutional rights. Plaintiff further relies on *Musselman* and *Byrd* to argue that
*Heck* does not bar his excessive force claim. The Court finds both cases to be
distinguishable.

In *Musselman*, Plaintiff pled guilty to placing a police officer in reasonable
apprehension of imminent physical injury and later brought a § 1983 action alleging use of
excessive force during his arrest. *Musselman*, 773 Fed. Appx. 417, 418. The court clearly
agreed with the District Court that any theory based on his alleged peaceful and cooperative
behavior were barred by *Heck* because they contradicted his guilty plea. *Id.* The court then
held that any theory of liability alleging use of excessive force after the conduct that formed
the basis for the conviction would not be barred by *Heck*. *Id.* This is not the case here.

[1] The Court also notes that Plaintiff has not made any argument challenging his plea
agreement based on a lack of understanding of the offense, and its elements, he pled guilty
to. The Court is also not aware of any other proceedings challenging the validity of the plea
agreement.

Plaintiff's refusal to obey a lawful order to disperse is the factual basis for his guilty plea and Plaintiff is now arguing that he never received such an order and did not refuse to disperse.

In *Byrd*, Byrd pled guilty to conspiracy to commit possession of a dangerous drug and later brought a § 1983 action alleging illegal search and use of excessive force by police officers. *Byrd v. City of Phoenix*, 885 F.3d 369, 640-41 (9th Cir. 2018). The court held that the civil suit could proceed because it "concerns allegations that the police illegally searched his person and used excessive force on him—after they discovered the drugs, for all we know—which has nothing to do with the evidentiary basis for his conspiracy conviction." *Id.* at 645. The court also quoted *Beets* for the proposition that "an allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction." *Id.* This case is clearly distinguishable from *Byrd* because the factual basis for Plaintiff's guilty plea is not distinct either temporally or spatially from the factual basis for his claim of use of excessive force.

Finally, Plaintiff's assertions in the FAC directly challenge the factual basis for his guilty plea, in violation of *Heck*. Plaintiff asserts in the FAC that the police never gave notice to the protestors of an unlawful assembly or order to disperse. (Doc. 16 at 3, ¶ 7) This is precisely, and unequivocally, what Plaintiff pled guilty to: "refusing to obey a lawful order to disperse issued to maintain public safety." (Doc. 17 Ex. 4) One of the elements of the statute is that the order to disperse was "lawful." A.R.S. § 13-2904. If Plaintiff succeeded on his § 1983 action on the facts asserted, it would necessarily invalidate and call into question his guilty plea, in violation of *Heck*. Furthermore, even under the standard of review of the FAC under Rule 12(b)(6), the Court cannot accept those factual allegations as true when they directly contradict Plaintiff's guilty plea. Taking the allegations that Plaintiff never received an order to disperse and did not refuse such an order out of the FAC because they are barred under *Heck* and *In re Gilead*, the Court is left with a complaint which does not meet the pleading standard sufficient to survive

Defendant's Motion to Dismiss.

Therefore, the FAC must be dismissed with prejudice.[2]

**IT IS ORDERED** that Defendant Turiano's Motion to Dismiss (Doc. 17) is **granted**. The First Amended Complaint is **dismissed with prejudice** in its entirety.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 19th day of February, 2020.

Honorable Steven P. Logan
United States District Judge

---

[2] Because this Court finds that the application of the *Heck* doctrine supports granting Defendant's Motion to Dismiss, it does not address other arguments made by the parties, such as the application of the qualified immunity doctrine or the merits of the excessive force claim.